COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        West I-10 Volunteer Fire Department v. Harris County Emergency Services District No. 48

Appellate case number:    01-17-00038-CV

Trial court case number:   2015-38121

Trial court:                 215th District Court of Harris County

On January 13, 2017, appellant, West I-10 Volunteer Fire Department, filed a notice of appeal from the trial court's interlocutory order, signed on December 15, 2016, granting plaintiff's traditional and no-evidence motion for summary judgment and order of final judgment. *See* TEX. R. APP. 26.1(b). This Court's February 9, 2017 Order had granted appellant's motion for a 30-day extension of time to file evidence of payment of the appellate record fees because it claimed that the order was not final, but that the trial court would soon rule on Harris County's motion to sever and for a new trial.

On March 7, 2017, appellant filed this motion to abate appeal until May 12, 2017, because it intends to file a motion for new trial of the final judgment, signed on February 13, 2017, which would extend appellant's appellate deadline. *See* TEX. R. APP. P. 26.1(a). Although the clerk's record has yet to be filed, if the trial court has signed a final, appealable judgment which replaced the December 15, 2016 interlocutory order, "the appellate court must treat the appeal as from the subsequent . . . judgment and may treat actions relating to the appeal of the first order . . . as relating to the appeal of the subsequent . . . judgment." TEX. R. APP. P. 27.3. This subsequent judgment "may be included in the original or supplemental record," but "any party may nonetheless appeal from the subsequent . . . judgment." *Id.*

Accordingly, appellant's motion is **granted**, and we **abate** the appeal and **remand** to permit the trial court to clarify whether the December 15, 2016 order is final and, if not, to permit appellant to obtain an order disposing of its motion for new trial, if any, regarding the February 13, 2017 final judgment, or to file a new appeal. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex. 2001); (citing TEX. R. APP. P. 27.2)

("If the appellate court is uncertain about the intent of the order, it can abate the appeal to permit clarification by the trial court."); TEX. R. APP. P. 27.3. An original clerk's record including, among other documents, any final judgment or order, shall be filed by the district clerk **by May 12, 2017**. If an original clerk's record is not filed with this Court **by May 12, 2017**, and no extension is requested by the district clerk, appellant shall promptly notify this Court of the status of the proceedings within ten days of this deadline.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the original clerk's record is filed in this Court. The Court will also consider a motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking abatement to request a hearing date from the trial court and to schedule a hearing, if a hearing is required, in compliance with this Court's order. If the parties do request a hearing, the trial court coordinator shall set a hearing date and notify the parties of such date.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
                ☑ Acting individually     ☐ Acting for the Court

Date: March 14, 2017